JOHN W. CONWAY, PETITIONER, v. STATE OF NEW
JERSEY, RESPONDENT.

Argued May 7, 1930—Decided May 19, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the petitioner, *Bourgeois & Coulomb.*

For the respondent, *Louis A. Repetto* and *Herbert C. Bart-lett.*

PER CURIAM.

The Atlantic County Oyer and Terminer on March 11th, 1930, found five separate indictments against John W. Conway charging him as building inspector of Atlantic City with extorsively demanding and receiving under color of his office money not due him or the city.

Mr. Justice Reed said, in *Kirby* v. *State,* 57 *N. J. L.* 321: "The indictment is drawn in the usual form, and charges that the defendants were officers and by color of their office extorted." He also said: "Extortion technically is an official misdemeanor, while in its larger sense it signified the taking of money by any officer by color of his office where none or a part only is due."

In the present case, one indictment charges the demand and receipt of $213, not due for any service, from Philip G. Hannum, who was then building two stores and held a

building permit therefor. It charges that Conway, who was the superintendent of buildings of Atlantic City, usually called "building inspector," was under a duty to inspect plans and issue permits for the erection of buildings; that although Hannum had a permit Conway unlawfully and knowingly, wickedly and maliciously, with evil intent, by and through the color of his office, demanded of Hannum for himself the sum of $213, when the same was not due either to Conway or to the city, and that Hannum, through fear of Conway and the power of his office, paid the same.

Another indictment charges a like offense, except that on October 25th, 1929, $500 was collected from a man named Brazier T. Booye. Another relates to a transaction involving the obtaining of the further sum of $50 from Booye. Another relates to a transaction with Hannum, who was also building a garage. Five hundred dollars was demanded and Hannum and a man named Clifford, who was interested, agreed to pay this. Fifty dollars was paid by Hannum. The last charges the demand and receipt of $46 in another transaction with Booye.

For the purpose of this motion the indictments seem sufficiently clear and precise. *Halsey* v. *State,* 4 *N. J. L.* 324, 369; 25 *C. J.* 239.

The indictments allege the existence and occupancy of a public office. It is urged that the ordinance creating the office is not pleaded. We see nothing in this point. The purpose of a pleading is to allege a fact. At the trial evidence is introduced. The pleader is not obliged to set forth his evidence. The extent of authority of the building inspector is a matter of proof. The indictment charges his authority and that under color of his office he extorsively demanded and received, illegally, sums of money for his own advantage. He is not charged with a breach of official duty. He is charged with the extorsive use of an official position. The discretion to quash an indictment on motion will not be exercised save upon the clearest and plainest grounds. *State* v. *Ruffu,* 8 *N. J. Mis. R.* 392.

The writ will be denied.